**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RIAN MARK GOREY,**

**Plaintiff,** **CASE NO.:**

**v.**

**OPEN TEXT, INC.,**

**Defendant.**

______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RIAN MARK GOREY, by and through his undersigned counsel, hereby sues Defendant, OPEN TEXT, INC., and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff, RIAN MARK GOREY (hereinafter "Plaintiff"), is a resident of Apollo Beach, Florida.

4. Defendant, OPEN TEXT, INC. (hereinafter "Defendant"), is a foreign corporation authorized and doing business in this Judicial District.

5. Defendant, OPEN TEXT, INC., is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred, been satisfied, or been waived.

7. On March 31, 2026, Plaintiff filed a timely Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), bearing Charge Number 511-2026-02769, alleging age discrimination and retaliation.

8. On August 24, 2026, the EEOC issued a Notice of Right to Sue related to Plaintiff's Charge of Discrimination. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

9. More than sixty (60) days have passed since the filing of said Charge with respect to Plaintiff's claims under the ADEA.

10. More than one hundred eighty (180) days have passed since the filing of said Charge with the FCHR, and Plaintiff has satisfied all administrative prerequisites to bringing his claims under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

## GENERAL ALLEGATIONS

11. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federally and state protected rights.

12. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

13. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

14. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

15. On or around October 19, 2020, Defendant hired Plaintiff as Regional Vice President, Professional Services, most recently serving as Regional Vice President, US East, Life Sciences, and Financial Services.

16. Plaintiff was born on December 1, 1960, and was 65 years old at the time of his termination.

17. Throughout his employment with Defendant, Plaintiff consistently met or exceeded Defendant's legitimate performance expectations. In 2025,

Plaintiff's region was the Company's top-performing region in the Americas, finishing at approximately 129% of quota for the year.

18. Plaintiff's direct supervisors at relevant times included Mark Flores, Senior Vice President of Global Professional Services, and Anne Goverde, Vice President, Americas Professional Services. Plaintiff reported to Ms. Goverde during approximately the last six months of his employment.

19. In or around April 2025, during a reduction in force, Plaintiff was asked by Defendant to identify an employee on his team for termination based on business considerations. Plaintiff identified a younger, lower-performing employee. Instead, Defendant terminated Victor Vlad, then the oldest employee on Plaintiff's team, who had a successful performance history. This deviation from stated criteria reinforced that age was a factor in Defendant's termination decisions.

20. Plaintiff opposed and questioned this age-based decision-making, objecting to the selection of older employees for termination during prior reductions in force. Plaintiff's objection constituted protected activity because Defendant's selection of employees for termination based on age violated applicable federal and state law.

21. In or around June 2025, Anne Goverde was elevated to Vice President, Americas Professional Services, assuming leadership over the North American professional services territory, including the US East.

22. Beginning in or around mid-2025, senior leadership engaged in repeated discussions expressing concern about the age of the workforce and leadership team. During these discussions, VP Anne Goverde described the average age of the Professional Services workforce as being in the "mid-50s," which she characterized as "shocking" and "concerning." Goverde encouraged hiring practices focused on "younger" candidates and characterized senior employees as being "within a stone's throw of retirement."

23. Consistent with these directives, Defendant's leadership discouraged the hiring of older candidates, including directing that qualified candidates over the age of 40 not be selected in favor of younger candidates.

24. During August 2025, in connection with the annual performance review cycle, SVP Mark Flores issued directives to downwardly adjust performance ratings for senior male employees, including reducing a high-performing employee's rating from "Outstanding" to "Successful," while maintaining higher ratings for younger and female employees.

25. In or around September 2025, Defendant hired Jack Miller as a new Senior Vice President of Sales, adding yet another management layer above SVP Mark Flores.

26. In or around November 2025, at Defendant's Professional Services Sales Conference, VP Anne Goverde and Brandon Ralls, Vice President of Global

Professional Services Strategy, reiterated concerns about the age of leadership and the perceived lack of younger employees within management. These statements were made by decision-makers in group leadership settings and were heard by multiple witnesses.

27. As of December 31, 2025, Plaintiff's region remained the top-performing region in the Americas, finishing at 129% annual attainment and 108% for the year overall.

28. On January 12, 2026, Plaintiff and only one other Regional Vice President, David Sileven, both white males over the age of 64, were notified of their immediate termination as part of a purported "restructuring" intended to "flatten" the organization. At the time of termination, Plaintiff was 65 years old.

29. At the time of his termination, Plaintiff was advised that the decision was part of a restructuring and was not related to performance. Plaintiff received no prior notice of any performance concerns and had no history of discipline.

30. Younger Regional Vice Presidents with smaller territories, less experience, and weaker performance were retained under the same leadership structure. Specifically, Shauna Hoar, the Regional Vice President for the West region, was retained despite having a smaller territory and weaker performance.

31. Plaintiff's role was not eliminated. Rather, his responsibilities were redistributed to younger employees, including the promotion of a younger female employee into his former role.

32. Plaintiff's termination occurred after he had repeatedly opposed and questioned Defendant's age-based employment practices, including specifically objecting to the selection of older employees for termination during prior reductions in force.

33. The termination of Plaintiff, which followed his April 2025 opposition to age-based termination decisions and the documented pattern of age-biased statements and actions by Defendant's leadership that continued through November 2025, establishes a causal connection between Plaintiff's protected opposition activity and his termination.

34. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including lost wages, loss of benefits, loss of unvested equity compensation, diminished future earning capacity, emotional distress, humiliation, and other compensatory damages.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 ("ADEA") - AGE DISCRIMINATION
## (29 U.S.C. § 621 et seq.)

35. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 34.

36. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., being 65 years old at the time of his termination.

37. At all times material, Plaintiff was qualified for the position of Regional Vice President and was performing his duties within the legitimate expectations of Defendant. In 2025, Plaintiff's region was the Company's top-performing region in the Americas, finishing at approximately 129% of quota.

38. Plaintiff suffered an adverse employment action when Defendant terminated his employment on January 12, 2026.

39. Plaintiff's position was not eliminated; rather, his responsibilities were redistributed to younger employees, including the promotion of a younger employee into his former role.

40. Similarly situated younger employees were treated more favorably than Plaintiff. Specifically, younger Regional Vice Presidents with smaller territories, less experience, and weaker performance were retained under the same leadership structure while Plaintiff and only one other Regional Vice President, both white males over the age of 64, were terminated.

41. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his age in violation of the ADEA, 29 U.S.C. § 621 et seq.

42. Defendant knew, or should have known, of this discrimination.

43. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

44. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to Plaintiff's federally protected rights.

45. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, liquidated damages, attorney's fees and costs, and all other relief deemed just and equitable.

**COUNT II**
**AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 ("ADEA") - RETALIATION**
**(29 U.S.C. § 621 et seq.)**

46. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 34.

47. Plaintiff engaged in protected activity under the ADEA by opposing and questioning Defendant's age-based termination decisions, including objecting to the selection of older employees for termination during prior reductions in force.

48. Plaintiff suffered an adverse employment action, specifically the

termination of his employment on January 12, 2026, in retaliation for engaging in protected activity under the ADEA.

49. The close temporal proximity between Plaintiff's protected opposition activity and his termination, combined with the documented pattern of age-biased statements by Defendant's senior leadership and the pretextual nature of Defendant's stated justification, establishes a causal connection between Plaintiff's protected activity and the adverse employment action he suffered.

50. The above-described acts of retaliation constitute a violation of the ADEA, 29 U.S.C. § 621 et seq., for which Defendant is liable.

51. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, liquidated damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT ("FCRA") - AGE DISCRIMINATION
## (Chapter 760, Florida Statutes)

52. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 34.

53. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Chapter 760, Florida Statutes, on account of his age.

54. At all times material, Plaintiff was qualified for the position of Regional Vice President and was performing his duties within the legitimate expectations of Defendant.

55. Plaintiff suffered an adverse employment action when Defendant terminated his employment on January 12, 2026.

56. Similarly situated younger employees were treated more favorably than Plaintiff and were retained under the same leadership structure, while Plaintiff's responsibilities were redistributed to younger employees, including the promotion of a younger employee into his former role.

57. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his age in violation of the FCRA, Chapter 760, Florida Statutes.

58. Defendant knew, or should have known, of this discrimination.

59. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

60. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT ("FCRA") - RETALIATION
## (Chapter 760, Florida Statutes)

61. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 34.

62. Plaintiff engaged in statutorily protected activity when he opposed and questioned Defendant's age-based termination decisions, including objecting to the selection of older employees for termination during prior reductions in force.

63. Plaintiff suffered an adverse employment action, specifically the termination of his employment on January 12, 2026, for opposing an employment practice made unlawful by the Florida Civil Rights Act, Chapter 760, Florida Statutes.

64. The close temporal proximity between Plaintiff's protected activity and his termination, combined with the documented pattern of age-biased statements by Defendant's senior leadership and the pretextual nature of Defendant's stated justification, establishes a causal connection between Plaintiff's protected activity and the adverse employment action he suffered.

65. The above-described acts of retaliation constitute a violation of the Florida Civil Rights Act, Chapter 760, Florida Statutes, for which Defendant is liable.

66. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## DEMAND FOR JURY TRIAL

67. Plaintiff, RIAN MARK GOREY, requests a jury trial on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of October, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Counsel of record.

**FLORIN | GRAY**

*/s/ Troy E. Longman, II*
**TROY E. LONGMAN, II, ESQ.**
Florida Bar No.: 1031921
tlongman@floringray.com
**WOLFGANG M. FLORIN, ESQ.**
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
*Trial Attorneys for Plaintiff*